Approved: _____
JEFFREY C. COFFMAN
Assistant United States Attorney

Before:  THE HONORABLE LISA MARGARET SMITH
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA             :   **SEALED COMPLAINT**
                                     :
       - v. -                        :   Violations of 18
                                     :   U.S.C. § 922(g)(1)
KSAON L. CRUTE,                      :
     a/k/a "Crippy," and             :   COUNTY OF OFFENSE:
JAMAR FINDLAY,                       :   WESTCHESTER
     a/k/a "Murder,"                 :
                                     :   19mj8301
                   Defendants.       :

- - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

SEAN T. DRISCOLL, being duly sworn, deposes and says that he is a task force officer with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Felons in Possession of a Firearm)

1. On or about September 1, 2019, in the Southern District of New York, KSAON L. CRUT, a/k/a "Crippy," and JAMAR FINDLAY, a/k/a "Murder," the defendants, each knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a High Standard, model Sentinel R-108, .22LR caliber revolver, serial number 2347588, and the firearm was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a task force officer with the FBI, currently assigned to the Westchester County Violent Crimes and Safe Streets Task Force, and have been personally involved in the investigation of

this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my participation in this investigation, and my conversations with, and review of, reports of officers of the City of Mount Vernon Police Department ("MVPD") involved in the investigation, I have learned, among other things, the following:

   a.   On September 1, 2019, at approximately 4:15 p.m., a MVPD officer in the vicinity of South Columbus Ave., in Mount Vernon, New York ("Officer-1"), was approached by a woman (the "Witness"). The Witness reported to Officer-1 that she had just witnessed two black males exit a dark colored SUV in the area of South Columbus Ave. and Millington St., and pull firearms on a group of men who had been located in front of a store in that area. The witness further reported that the two men with the firearms then got back into the dark-colored SUV, and that they were heading toward East Sandford Blvd.

   b.   Officer-1 immediately began driving northbound on Columbus Ave., toward East Sandford Blvd., which was approximately 60 meters away. Officer-1 observed a gray Acura RDX SUV (the "SUV") stopped in traffic, facing southbound at the intersection of South Columbus Ave. and East Sandford Blvd. Officer-1 observed that there were two men in the SUV. Based upon his prior interactions with the driver of the SUV, and a subsequent review of prior arrest photographs, Officer-1 identified the driver as defendant JAMAR FINDLAY, a/k/a "Murder."[1]

   c.   Based upon his prior interactions with the passenger in the SUV, Officer-1 identified the passenger to be defendant KSAON L. CRUTE, a/k/a "Crippy."

---

[1] Officer-1 initially identified the driver of the SUV as a relative of JAMAR FINDLAY, a/k/a "Murder," the defendant. However, Officer-1 subsequently reviewed prior arrest photographs of both that relative and FINDLAY, and is confident that the person he saw driving the SUV was FINDLAY.

        d.    Officer-1 attempted to conduct a traffic stop of the SUV, activating his car's lights and sirens, and pulling his car directly in front of the SUV. When Officer-1 did so, defendant JAMAR FINDLAY, a/k/a "Murder," drove the SUV in reverse approximately 30 meters, and then stopped.

        e.    When the SUV stopped, Officer-1 observed defendant JAMAR FINDLAY, a/k/a "Murder," exit the SUV wearing a white t-shirt and white shorts. Officer-1 further observed FINDLAY place a black firearm in his right short pocket as he exited the SUV, and run eastbound, towards Dunham Ave. at a high rate of speed.

        f.    Officer-1 observed defendant KSAON L. CRUTE, a/k/a "Crippy," moved from the SUV's passenger seat to the driver's seat, and drive the SUV southbound on South Columbus Ave.

        g.    Officer-1 exited his car and began to pursue defendant JAMAR FINDLAY, a/k/a "Murder," on foot, but lost sight of FINDLAY.

        h.    At approximately 4:20 p.m., the SUV collided with an MVPD car that was attempting to make a left turn onto South Columbus Ave. That collision caused another collision with a third car, and caused the SUV to crash into a fence and stop. The collisions injured all three drivers.

        i.    MVPD officers who responded to the scene of the collisions found defendant KSAON L. CRUTE, a/k/a "Crippy," lying on his side, injured. MVPD officers placed CRUTE under arrest, and had him transported by ambulance to Jacobi Hospital.

        j.    MVPD officers subsequently searched the SUV. In its front passenger area, MVPD officers located a High Standard, model Sentinel R-108, .22LR caliber revolver, serial number 2347588, wrapped in a blue bandana.

    4.    I have reviewed a video surveillance recording from a commercial establishment in the vicinity of South Columbus Ave. and Millington St., for the time period of September 1, 2019, at approximately 4:15 p.m. The recording depicts the SUV, parked in front of the establishment. The recording further depicts two men exit the SUV and approach a group of men on the sidewalk. One of the men from the SUV appears to me to resemble defendant JAMAR FINDLAY, a/k/a "Murder," who is dressed in a white t-shirt and white shorts, is seen on the recording pointing what appears to be a handgun at one of the men on the sidewalk (the "Victim"). The other man who exited the SUV appears to me to resemble defendant

KSAON L. CRUTE, a/k/a "Crippy," and can be seen manipulating an object in his waistband while approaching the Victim. CRUTE appears to take an object, or attempt to take an object, from the Victim's neck, before both FINDLAY and CRUTE return to the SUV and depart.

5. Based on my review of a report of a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that the High Standard, model Sentinel R-108, .22LR caliber revolver, serial number 2347588, was manufactured in either the State of Connecticut or the State of Texas.

6. I have reviewed criminal history records pertaining to defendant KSAON L. CRUTE, a/k/a "Crippy," which show that CRUTE was convicted of crimes punishable by a year or more imprisonment, to wit, CRUTE was convicted:

   a. on or about September 12, 2017, in the Southern District of New York, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of imprisonment of 18 months; and

   b. on or about October 1, 2014, in Westchester County Court, of attempted criminal possession of a weapon in the second degree - loaded firearm, in violation of New York Penal Law ("NYPL") § 265.03, and was sentenced to term of imprisonment of time served (approximately one year).

7. I have reviewed criminal history records pertaining to defendant JAMAR FINDLAY, a/k/a "Murder," which show that FINDLAY was convicted of crimes punishable by a year or more imprisonment, to wit, FINDLAY was convicted:

   a. on or about March 20, 2014, in Westchester County Court, of attempted burglary of a dwelling causing injury, in violation of NYPL § 140.30, and was sentenced to a term of imprisonment of six years;

   b. on or about October 28, 2009, in New York County Court, of criminal possession of a controlled substance in the fifth degree, in violation of NYPL § 220.16(1), and was sentenced to a term of imprisonment of 30 months;

   c. on or about March 29, 2001, in Bronx County Court, of criminal possession of a loaded firearm in the third degree, in

violation of NYPL § 265.02, and was sentenced to a term of imprisonment of one year; and

        d. on or about January 12, 2001, in Rockland County Court, of criminal possession of a controlled substance, in violation of NYPL § 220.16(12), and was sentenced to a term of imprisonment of two to six years.

        WHEREFORE, deponent respectfully requests that warrants be issued for the arrests of KSAON L. CRUTE, a/k/a "Crippy," and JAMAR FINDLAY, a/k/a "Murder," the defendants, and that they be imprisoned or bailed, as the case may be.

                              Task Force Officer Sean T. Driscoll
                              Federal Bureau of Investigation

Sworn to before me this
3rd day of September, 2019

THE HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK