UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :       **ORDER**
v.                                  :
                                    :       19 CR 816 (VB)            2/20/24
KSAON CRUTE,                        :
            Defendant.              :
--------------------------------------------------------x

      Pending before the Court is defendant Ksaon Crute's motion for a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Part A of Amendment 821 to the Sentencing Guidelines. (Doc. #48). Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

      For the reasons set forth below, the motion is DENIED.

      On June 4, 2021, Crute was sentenced principally to a 77-month term of imprisonment on his guilty plea to being a prior convicted felon in possession of a firearm. At the time of sentencing, the applicable guideline range was 77-96 months' imprisonment, based on a final offense level of 24 and a criminal history category of IV. Crute had 8 criminal history points, including 2 "status points" for committing the offense while on federal supervised release following a previous felon-in-possession conviction.

      Part A of Amendment 821 amended Guidelines § 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than 7 criminal history points. As a result, Crute now has 6 criminal history points and is in Criminal History Category III, such that his amended guideline range is 63-78 months. Crute thus qualifies for a reduction of his term of imprisonment.

      However, Crute is not entitled to a reduced term of imprisonment as a matter of right. This is because in determining whether a reduction is warranted, the Court, consistent with Section 3582(c)(2), must "consider the factors set forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.10, Application Note 1(B)(i). The Court must also "consider the nature and seriousness of the danger to any person or the community that may be posed" by reducing a defendant's term of imprisonment, and may consider information regarding the defendant's post-sentencing conduct. Id., Application Note 1(B)(ii), (iii).

      In deciding the instant motion, the Court has considered all of the Section 3553(a) factors, including the nature and circumstances of the offense. The facts of the offense and the conduct relevant thereto are as follows: On September 1, 2019, Crute participated in an armed robbery in Mt. Vernon, New York. The crime was witnessed by a female bystander, who reported it to the police. Shortly thereafter, a Mt. Vernon police vehicle activated its lights and siren in an attempt to pull over the car in which Crute and his co-conspirator (Findley) had fled the scene. Findley put the car in reverse, drove for a short distance, then jumped out and

1

attempted to flee, at which point Crute moved into the driver's seat and drove off at a high rate of speed. A few minutes later, Crute's car collided with another Mt. Vernon police vehicle that was attempting to make a left turn. That collision caused a collision with a third car, and Crute was ejected from his car.

Both police officers in the vehicle into which Crute crashed were injured. One officer ("Officer-1") grabbed his partner as Crute's car was racing toward them and said, "we're going to die." Officer-1's face smashed into the windshield and his leg went through the center console. Taken to a nearby hospital, Officer-1 received stitches for his facial injuries and underwent emergency surgery on his leg; he was hospitalized for two weeks thereafter. Due to his injuries, Officer-1 was permanently disabled from returning to work as a police officer, and he continues to suffer pain and limitation of movement in his leg, as well as emotional distress. Officer-1's partner suffered an ankle injury and was out of work for a month. The passengers in the third car, a father and his five-year-old son, were also injured in the multi-car collision, as was Crute.

After Crute was arrested, officers recovered a .22 caliber handgun from the front passenger area of his car. At the time of these events, Crute had two prior felony convictions for illegal weapons possession. One was, as noted above, the federal conviction for being a felon-in-possession of a firearm, for which he was then serving a term of supervised release.

In sum, within the span of a few minutes, Crute robbed one person at gunpoint, nearly killed four others, and possessed a firearm as a convicted felon.

By far the most important factor in imposing the 77-month jail sentence in this case was the seriousness of the offense. The Court did not impose that sentence merely because it was at the low end of the then-applicable guideline range,[1] but rather because the Court believed then, as it does now, that 77 months' imprisonment is the minimum necessary to reflect the profoundly serious nature of Crute's offense and its impact on his victims, particularly Officer-1. The Court also believed then, as it does now, that 77 months' imprisonment is the minimum necessary to promote respect for the law, provide just punishment, deter Crute from future criminal conduct, and protect the public.

That this was Crute's third felony conviction for illegal weapons possession, and that at the time of the offense he was on federal supervised release after a previous conviction for the exact same offense, is also highly relevant to the Court's consideration of whether Crute poses a danger to the community if his jail sentence is reduced. Having considered Crute's high risk of recidivism, the Court believes he does pose such a danger.

To reduce Crute's term of imprisonment now, simply because his criminal history category no longer takes into account the fact that he was on supervised release at the time of the offense, would surely promote disrespect for the law and would also disrespect the views of Crute's victims. This is not a step the Court is willing to take.

---

[1] Indeed, at sentencing the Court said that a term of imprisonment at the top of the original guideline range—96 months—would also have been a reasonable sentence, although mitigating factors warranted a sentence at the low end of the range.

      The Court has considered Crute's laudable post-sentencing efforts to rehabilitate himself, and urges him to continue those efforts. But that conduct simply does not warrant a reduced term of imprisonment, for the reasons set forth above.

      Accordingly, Crute's motion for a reduction of his term of imprisonment is DENIED.

Dated: February 20, 2024
       White Plains, NY

SO ORDERED:

_[signature]_
Vincent L. Briccetti
United States District Judge